James P. Keenley (State Bar No. 253106)
Brian H. Kim (State Bar No. 215492)
Emily A. Bolt (State Bar No. 253109)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, | Case No.: 3:20-cv-6574 |
| Plaintiff, | **PLAINTIFF'S EX PARTE MOTION FOR ADMINISTRATIVE RELIEF TO PROCEED UNDER PSEUDONYM** |
| v. | |
| UNITEDHEALTHCARE INSURANCE COMPANY, | |
| Defendant. | |

Pursuant to Civil Local Rule 7-11, Plaintiff hereby moves the Court for administrative relief in the form of an order permitting him to proceed under a pseudonym.  Plaintiff, who suffers from psychiatric health problems and whose medical records make reference to a history of childhood sexual abuse, brings this suit under the Employee Retirement Income Security Act to recover benefit due to her under a long-term disability benefit plan sponsored by her former employer and insured by the Defendant, Unitedhealthcare Insurance Company ("UHC").

Applying the standards set forth by the Ninth Circuit, Plaintiff's motion should be granted because (1) no prejudice to Defendant or the public will result from her anonymity, and (2) proceeding

under her true name would expose Plaintiff to harassment, embarrassment and discrimination due to the necessary disclosure of highly confidential medical information, including her confidential psychiatric treatment notes, which include accounts of childhood sexual abuse. Only limited family, friends, medical personnel, and insurers are aware of her medical conditions.

### A. Legal Standard

A party may "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 108 (9th Cir. 2000). In particular, nondisclosure of a party's identity is permitted where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal quotation omitted).

Because a significant stigma attaches to persons with psychiatric health problems, and because of the extremely traumatic and private nature of the childhood sexual abuse Plaintiff experienced, it is necessary to shield Plaintiff's identity to protect her from fraud, harassment, ridicule or personal embarrassment. There is no legitimate public interest in connecting Plaintiff's real identity with the highly confidential medical information that the Court must consider in adjudicating her disability claim. In fact, the public interest is best served by allowing Plaintiff to litigate her claim under a pseudonym.

### B. Defendant Will Not Be Prejudiced

Allowing Plaintiff to proceed pseudonymously will not prejudice the Defendant, her disability insurer. Defendant can ascertain Plaintiff's identity from the complaint, which pleads Plaintiff's claim number for the purpose of allowing Defendant to identify her. (ECF No. 1 at ¶ 5). Thus, allowing Plaintiff to proceed under a fictitious name will have no effect on Defendant's ability to prepare its defense. Further, this case is a straightforward application of medical evidence to insurance policy terms, the Defendant's character and reputation is not at issue, and thus there is no risk that Defendant will be prejudiced by anonymous attacks on its character. *Cf. Doe v. Lepley*, 185 F.R.D., 605, 607 (D. Nev. 1999). Because Defendant will know Plaintiff's identity and Plaintiff is not attacking

Defendant's character or reputation, Plaintiff's legitimate interest in shielding her identity outweighs any potential prejudice to the Defendant.

### C. The Public Interest Will be Best Served Without Disclosure of Plaintiff's Name

This is an individual dispute about an insurance claim. The public has no legitimate interest in connecting Plaintiff's real name to the extremely private medical facts that the Court will need to consider in this case. Medical privacy is a core American value protected by numerous federal and state statutes and preserving mental health privacy in particular is an important policy goal of the federal government, for example, the Department of Health and Human Services has adopted special rules regulating the disclosure of mental health information that are separate and apart from other types of medical information.[1]

While the public has an interest in open judicial proceedings, here, that interest is actually better served by allowing Plaintiff to proceed under a fictitious name. First, putting plaintiffs in the position of either abandoning legitimate legal claims or publicly disclosing highly confidential medical information would harm the judicial system and the rule of law as a whole because of the risk that plaintiffs with significant and private medical problems will forego their legal rights in favor of preserving their privacy. Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195, 199 (2004).

Second, allowing Plaintiff to proceed under a pseudonym and taking other basic measures to ensure that her name is redacted from documents filed in the public record will do away with any need to seal any of the Court's decisions in this case, the other means by which her privacy might be protected. Sealing documents requires extensive court resources and complicates the progress of the litigation, it also deprives the public and other courts from access to the full case record, which may provide valuable information about the application of similar contractual terms to similar medical facts.

---

[1] Department of Health and Human Services, HIPAA Privacy Rule and Sharing Information Related to Mental Health, *available at* https://www.hhs.gov/sites/default/files/hipaa-privacy-rule-and-sharing-info-related-to-mental-health.pdf

Plaintiff's real name, on the other hand, has no legitimate value to the public generally or to the courts and their personnel. By using the pseudonym, the parties will be able to openly discuss the medical evidence in the public record without compromising Plaintiff's medical privacy or connecting her history of childhood sexual abuse to her real identity. Proceeding anonymously thus actually enhances the public's view of the legal and factual issues in this case and the court's performance in resolving them. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

Because there is no prejudice to the Defendant or the public by allowing Plaintiff to proceed under a pseudonym, and because Plaintiff has an exceptional need for privacy in light of the specific medical facts at issue in this case, the Court should grant Plaintiff's motion and issue the summons.

Respectfully submitted,

Dated: September 18, 2020

BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff